# EXHIBIT 1

COPY
Original Filed

AUG 0 5 2020

Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

BUDGET ARBOR & LOGGING, LLC, a
Washington Limited Liability Company,

    Plaintiff,

v.

CITY OF SPOKANE VALLEY,

    Defendant.

No. 20202122-32

COMPLAINT FOR CIVIL RIGHTS
VIOLATIONS AND FOR
DECLARATORY JUDGMENT
AND REQUEST FOR
INJUNCTIVE AND DECLARATORY
RELIEF

COMES NOW the Plaintiff, BUDGET ARBOR & LOGGING, LLC ("Plaintiff"), by and through its attorney, Robb E. Grangroth with Phillabaum, Ledlin, Matthews & Sheldon, PLLC, for claims of relief against the above-named Defendant, ("CITY"), complains and alleges as follows:

## I. PARTIES, JURISDICTION & VENUE

1.1   <u>Status of Plaintiff</u>. At all times material, Plaintiff is a Washington Limited Liability Company with offices in Spokane County.

COMPLAINT: 1

PHILLABAUM, LEDLIN, MATTHEWS & SHELDON, PLLC
ATTORNEYS AT LAW
1235 N. POST, SUITE 100
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 838-6055
Fax (509) 625-1909

Notice of Removal of Action - 6

1.2     Status of Defendant CITY OF SPOKANE VALLEY. Plaintiff alleges on information and belief that at all times material to this action, Defendant is a duly organized municipality located in Spokane County.

1.3     Jurisdiction and Venue. Upon information and belief, all parties are located in Spokane County, Washington, and all acts have occurred in Spokane County. Therefore, this Court has jurisdiction and venue is proper in Spokane County.

## II. BACKGROUND

2.1     Plaintiff is a tree trimming and landscaping company and is licensed in the City of Spokane Valley. Plaintiff has operated or conducted business in Spokane Valley since the city was incorporated.

2.2     Historically, the Plaintiff has never purchased any right-of-way permits from the defendant while operating its business. Plaintiff is exempt from permitting pursuant to Spokane Valley Municipal Code ("SVMC") 17.80.040 (Exempt Activities), which states the following are exempt from right-of-way permitting: "Normal or emergency repair or maintenance of public or private buildings, structures, landscaping, or utilities." SVMC 17.80.040 is incorporated into the right-of way-permitting statute by SVMC 17.80.030 and SVMC 22.130.020.

2.3     SVMC 22.130.100 requires the purchase of a permit when a citizen "engages in activity within existing City rights-of-way." The code section fails to define permitting requirements with sufficient definiteness that person of ordinary intelligence could understand what conduct is prohibited and fails to establish standards to permit enforcement in a non-arbitrary, non-discriminatory manner.

COMPLAINT: 2

PHILLABAUM, LEDLIN, MATTHEWS& SHELDON, PLLC
ATTORNEYS AT LAW
1235 N. POST, SUITE 100
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 838-6055
Fax (509) 625-1909

Notice of Removal of Action - 7

## THE CITATIONS

2.4     On or about February 3, 2020 CITY OF SPOKANE VALLEY (herein after "CITY") code enforcement officer issued a **final** "Notice and Order" to PLAINTIFF assessing a civil penalty in the amount of $10,000.00 noting the penalty was due within 20 days for nuisance and the failure to purchase a right-of-way permit as allegedly required by SVMC 22.130.

2.5     The order to pay was made without any notice, hearing or any other due process protections.

2.6     The final "Notice and Order" stated, "you may appeal this order to the Hearing Examiner by the appeal deadline listed above, in accordance with SVMC 17.90.040." Additionally, the final "Notice and Order" stated, "You must pay the applicable fees and file the appeal forms by the noted deadline."

2.7     The CITY code enforcement officers subsequently issued two additional final "Notice and Order" fines for $10,000.00 each, providing the ability to "appeal" to the hearing examiner as similarly indicated above.

2.8     These two additional orders to pay were made without any notice, hearing or any due process protections.

2.9     The CITY'S citation is a final order to pay and denies the Plaintiff its right to a contested hearing in the first instance.

2.10    The Plaintiff timely "appealed" each "Notice and Order".

2.11    The three appeals were consolidated at the Hearing Examiner's motion without notice to the Plaintiff.

COMPLAINT: 3

PHILLABAUM, LEDLIN, MATTHEWS & SHELDON, PLLC
ATTORNEYS AT LAW
1235 N POST, SUITE 100
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 838-6055
Fax (509) 625-1909

Notice of Removal of Action - 8

2.12 The Plaintiff's conduct was lawful and followed all ordinances. The Plaintiff's business is an essential company providing valuable services and is not a nuisance.

2.13 The Plaintiff was ordered to pay for right-of-way permits in order to continue working, to complete work, or even after the work was completed.

2.14 The CITY claims the Plaintiff is required to purchase right-of-way permits costing $120.00 to avoid creating a nuisance.

### THE SPOKANE VALLEY MUNICIPAL CODE

2.15 The Spokane Valley Municipal Code section 17.100.250 sets citation fines for code violations at $500.00 for the first violation and the highest fee for a violation with an economic benefit, at $10,000.00. The Plaintiff was not given a first violation penalty of $500.00, but instead was given three $10,000.00 citations even though the Plaintiff complied with the city inspector's abatement requests.

2.16 The Spokane Valley Municipal Code 17.110.010 Master Fee Schedule A-Planning, states the appeal fee of a Code Enforcement Final Decision is $500.00.

2.17 The Plaintiff timely paid $1,500.00 ($500.00 each) for all three appeals.

2.18 SVMC 17.100.030 controls the enforcement, administration, and response to code violations and outlines when a compliance officer has the right to issue "Notice and Orders".

2.19 SVMC 17.100.130 describes the authority given to the code enforcement officer to issue a "Notice and Order".

2.20 SVMC 17.100.140(A) describes the effect of a "Notice and Order" and states, "A notice and order represents a determination that a violation has occurred, that the party to whom the notice is issued is a person responsible for a code violation, and that the violations

COMPLAINT: 4

PHILLABAUM, LEDLIN, MATTHEWS & SHELDON, PLLC
ATTORNEYS AT LAW
1235 N. POST, SUITE 100
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 838-6055
Fax (509) 625-1909

Notice of Removal of Action - 9

set out in the notice and order require assessment of penalties and other remedies that may be specified in the notice and order."

2.21   SVMC 18.20.030(B)(5) provides authority on what matters are delegated to the Hearing Examiner, but it does not allow the Hearing Examiner to decide code enforcement issues or conduct hearings in the first instance. The Hearing Examiner is only granted authority to hear "appeals".

2.22   SVMC 17.90.010(A) "Appeals and Jurisdiction Table 17.90-1", lists the Decision/Appeal authority for various land use and development decisions and directs code enforcement "appeals" be given to the Hearing Examiner.

2.23   Appendix B of SVMC "HEARING EXAMINER SCHEDULING AND RULES AND RULES OF CONDUCT" (E) Presentation of Evidence (1)(c) states, "The submittal of testimony and documents by the party with the *burden of proof at the hearing, typically the applicant on an initial application or the appellant in the case of an appeal...*"

2.24   On April 24, 2020 the Hearing Examiner issued a "briefing schedule" outlining that the Plaintiff must present its brief first and the CITY second.

2.25   Cities and Towns have the power to pass ordinances not in conflict with the Constitution and laws of this state, or of the United States.

2.26   Hearing Examiners only have authority to hear matters properly conferred by the City Council and do not have the authority to hear or decide constitutional challenges if raised during an "appeal" of the underlying action.

2.27   The SVMC provides conflicting direction where civil offenses should be filed, SVMC 1.10.010(B) Civil Penalty, states, "A violation of an ordinance which is designated a civil offense shall be deemed a civil infraction pursuant to Chapter 7.80 RCW."

COMPLAINT: 5

PHILLABAUM, LEDLIN, MATTHEWS& SHELDON, PLLC
ATTORNEYS AT LAW
1235 N. POST, SUITE 100
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 838-6055
Fax (509) 625-1909

Notice of Removal of Action - 10

2.28  RCW 7.80.010(1) states, "All violations of state law, local law, ordinance, regulation, or resolution designated as civil infractions may be heard and determined by a district court, except as otherwise provided in this section."

2.29  RCW 7.80.100(3) states, "The burden of proof is upon the state to establish the commission of the civil infraction by a preponderance of the evidence."

2.30  Additionally the SVMC 17.100.030(D) states, "In addition to, or as an alternative to, utilizing the procedures set forth in Chapter 17.100 SVMC (Hearing Examiner Appeal), the City may assess or recover civil penalties accruing pursuant to Chapter 17.100 SVMC by legal action filed in Spokane County district court or superior court."

2.31  Finally RCW 7.48.200 (Remedies), Washington's statue for nuisances' states, "The remedies for a public nuisance are: Indictment or information, *a civil action*, or abatement."

2.32  The state statues identify that all contested civil penalty actions will be resolved by a judge with the city carrying the initial burden of proof, while the CITY'S ordinances only provide the ability to "appeal," which does not afford the Plaintiff an uncontested hearing in the first instance and improperly places the burden of proof on Plaintiff.

### III. PLAINTIFF'S FIRST CAUSE OF ACTION
### VIOLATION OF THE U.S. CONSTITUTION
### AND WASHINGTON CONSTITUTION ART I § 3
### 42 U.S.C. §1983 DUE PROCESS

3.1  Pursuant to its policies, the CITY made a final decision and issued a "Notice and Order" which deprives the Plaintiff of its property without proper procedural due process, including adequate notice, a hearing, and a neutral judge.

COMPLAINT: 6

Notice of Removal of Action - 11

PHILLABAUM, LEDLIN, MATTHEWS& SHELDON, PLLC
ATTORNEYS AT LAW
1235 N POST, SUITE 100
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 838-6055
Fax (509) 625-1909

3.2    The CITY has not afforded the Plaintiff a contested hearing in the first instance.

3.3    The CITY only allows the Plaintiff the ability to "appeal" the CITY'S issuance of its final "Notice and Order".

3.4    The CITY'S quasi-judicial "appeal" process denies the Plaintiff its constitutional rights for fundamental fairness and a hearing in the first instance.

### IV. PLAINTIFF'S SECOND CAUSE OF ACTION
### VIOLATION OF THE U.S. CONSTITUTION
### AND WASHINGTON CONSTITUTION ART I § 3
### 42 U.S.C. §1983 DUE PROCESS

4.1    Pursuant to its policies, the CITY wrongly shifts the initial burden of proof on the Plaintiff to disprove the application of the CITY'S ordinance.

4.2    Appendix B of SVMC, places the burden of proof on the appellant during the "appeal" process.

4.3    The CITY improperly shifts the burden of proof on "appeal" to the Plaintiff, when SVMC 1.10.010 requires the municipality to carry the initial burden pursuant to RCW 7.80 for hearings in the first instance covering civil penalties.

4.4    The CITY improperly shifts the burden on "appeal" to the Plaintiff, when RCW 7.80.100(3) requires the state to carry the initial burden for infractions.

4.5    The CITY'S quasi-judicial "appeal" process denies the Plaintiff its constitutional rights for fundamental fairness and a proper hearing with the CITY carrying the initial burden of proof.

//

//

//

COMPLAINT: 7

PHILLABAUM, LEDLIN, MATTHEWS & SHELDON, PLLC
ATTORNEYS AT LAW
1235 N. POST, SUITE 100
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 838-6055
Fax (509) 625-1909

Notice of Removal of Action - 12

## V. PLAINTIFF'S THIRD CAUSE OF ACTION
## VIOLATION OF THE U.S. CONSTITUTION
## 8th AMENDMENT – EXCESSIVE FINES

5.1    Pursuant to its policies, the CITY made a final decision and issued a "Notice and Order" which Order demands that the Plaintiff pay a fine in the amount of $10,000.00 for the failure to purchase a permit costing approximately $120.00. (The Plaintiff alleges it is exempt from the $120.00 permit requirement.)

5.2    The CITY failed to apply progressive fines with the first violation of $500.00.

5.3    The fine of $10,000.00 is a set amount and cannot be altered in proportion to the cost of purchasing a permit in the approximate amount of $120.00.

5.4    The set fine of $10,000.00 is grossly disproportionate to the gravity of the offense of failing to purchase a permit in the approximate amount of $120.00.

5.5    The CITY imposes an unconstitutional and excessive fine disproportional to the gravity of the offense and violates the Plaintiff's constitutional protections under the 8th and 14th Amendments.

## VI. PLAINTIFF'S FORTH CAUSE OF ACTION
## VIOLATION OF THE U.S. CONSTITUTION
## 42 U.S.C. §1983 EQUAL PROTECTION & DUE PROCESS

6.1    Pursuant to its policies, the CITY requires the Plaintiff to pay a fee of $500.00 to "appeal" the "Notice and Order" rather than the ability to request a contested impartial hearing.

6.2    The CITY does not afford the Plaintiff a contested hearing in the first instance.

6.3    The fee for a first violation is $500.00 and the appeal fee to attempt to overturn that decision is $500.00.

COMPLAINT: 8
PHILLABAUM, LEDLIN, MATTHEWS& SHELDON, PLLC
ATTORNEYS AT LAW
1235 N. POST, SUITE 100
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 838-6055
Fax (509) 625-1909

Notice of Removal of Action - 13

6.4     The "appeal" fee is an obstruction to the Plaintiff's constitutional rights, equal protection, and access to procedural due process afforded by the constitution.

6.5     The CITY denies the Plaintiff its constitutional rights for fundamental fairness and a hearing in the first instance.

## VII. PLAINTIFF'S FIFTH CAUSE OF ACTION
## VIOLATION OF THE U.S. CONSTITUTION
## 42 U.S.C. §1983 EQUAL PROTECTION & DUE PROCESS
## CODE ENFORCEMENT OFFICER LACKS AUTHORITY
## TO MAKE FINAL DETERMINATIONS WITHOUT PROVIDING AN
## OPPORTUNITY FOR A CONTESTED HEARING WITH AN IMPARTIAL JUDGE

7.1     The CITY'S *ordinances permit the code enforcement officer to police, prosecute and judge actions of the citizenry without the opportunity for a contested hearing before making the decision final.*

7.2     The remedy for a recipient of a "Notice and Order" is to "appeal" to the Hearing Examiner where they need to pay a fee of $500.00 and would carry the burden on appeal to disprove the actions of the CITY.

7.3     The CITY denies the Plaintiff its constitutional rights for fundamental fairness and *a hearing in the first instance by issuing a final "Notice and Order".*

## VIII. PLAINTIFF'S SIXTH CAUSE OF ACTION
## HEARING EXAMINER LACKS SPECIFIC AUTHORITY
## TO HOLD A HEARING IN THE FIRST INSTANCE
## OR CODE ENFORCEMENT MATTERS

8.1     Pursuant to its policies, the CITY has not granted the Hearing Examiner the authority to conduct a hearing in the first instance.

8.2     The City has only granted the Plaintiff the ability to "appeal" the final "Notice and Order".

COMPLAINT: 9

Notice of Removal of Action - 14

PHILLABAUM, LEDLIN, MATTHEWS& SHELDON, PLLC
ATTORNEYS AT LAW
1235 N. POST, SUITE 100
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 838-6055
Fax (509) 625-1909

8.3     The Hearing Examiner is only allowed under the SVMC to hear "appeals" and does not have the authority to hold a hearing in the first instance.

8.4     The Hearing Examiner is not allowed under the SVMC to enforce civil penalties.

8.5     The CITY has denied the Plaintiff its constitutional rights for fundamental fairness and a hearing in the first instance.

### IX. PLAINTIFF'S SEVENTH CAUSE OF ACTION
### VIOLATION OF THE U.S. CONSTITUTION
### AND WASHINGTON CONSTITUTION
### ARBITRARY AND CAPRICIOUS APPLICATION
### AND CONSTITUTIONALLY VAGUE

9.1     Pursuant to its policies, the CITY'S enforcement of its ordinances is arbitrary and capricious.

9.2     SVMC 22.130.100 language "engages in activity within existing City rights-of-way" is void for vagueness.

9.3     The CITY has violated the Plaintiff's constitutional rights.

**WHEREFORE**, Plaintiff prays for relief as follows:

a.     Enter judgment against the CITY;

b.     Enter a declaratory judgment declaring the acts of the CITY to be a violation of Plaintiff's constitutional rights of equal protection and due process;

c.     Issue a declaratory judgment declaring that Spokane Valley Municipal Code 17.90.010 and 17.90.040 for appeals to the Hearing Examiner for compliance and enforcement unconstitutional;

COMPLAINT: 10

PHILLABAUM, LEDLIN, MATTHEWS & SHELDON, PLLC
ATTORNEYS AT LAW
1235 N. POST, SUITE 100
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 838-6055
Fax (509) 625-1909

Notice of Removal of Action - 15

  d. Issue a declaratory judgment declaring that Spokane Valley Municipal Code 17.90.010 and 17.90.040 for appeals to the Hearing Examiner for compliance and enforcement is unconstitutional as enforced and applied;

  e. Issue a declaratory judgment declaring that Spokane Valley Municipal Code 17.100.250 is unconstitutional and is discriminatory on its face.

  f. Issue a declaratory judgment declaring that Spokane Valley Municipal Code 17.100.250 is unconstitutional and is discriminatory as enforced and as applied for compliance and enforcement.

  g. Issue a declaratory judgment declaring that Spokane Valley Municipal Code 17.100.130 and 17.100.140 is unconstitutional and is discriminatory on its face.

  h. Issue a declaratory judgment declaring that Spokane Valley Municipal Code 17.100.130 and 17.100.140 is unconstitutional and is discriminatory as enforced and as applied.

  i. Issue a declaratory judgment declaring that Spokane Valley Municipal Code 17.110.010 Master Fee Schedule requiring the payment of $500.00 as an "appeal fee" is unconstitutional for compliance and enforcement;

  j. Issue a declaratory judgment declaring that Spokane Valley Municipal Code 17.110.010 Master Fee Schedule requiring the payment of $500.00 as an "appeal fee" is unconstitutional as enforced and as applied for compliance and enforcement;

  k. Issue a declaratory judgment declaring that Spokane Valley Municipal Code 18.20.030(B)(5) does not convey authority to the CITY'S Hearing Examiner to hold hearings in the first instance for civil penalties or code enforcement actions;

COMPLAINT: 11

PHILLABAUM, LEDLIN, MATTHEWS & SHELDON, PLLC
ATTORNEYS AT LAW
1235 N. POST, SUITE 100
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 838-6055
Fax (509) 625-1909

Notice of Removal of Action - 16

l.  Issue a permanent injunction enjoining the CITY from enforcing Spokane Valley Municipal Code 17.90.010 and 17.110.010, requiring persons receiving a "Notice and Order" to "appeal" to the Hearing Examiner, and pay an "appeal fee";

m.  Issue a declaratory judgment declaring that SVMC 17.80.040 and 22.130.020 exempts Plaintiff from the right-of-way permit requirement.

n.  Issue a declaratory judgment declaring that SVMC 22.130.100 "or otherwise engages in activity within existing City rights-of-way," is void for vagueness.

o.  Issue a declaratory judgment declaring that SVMC 22.130.100 "or otherwise engages in activity within existing City rights-of-way," is applied in an arbitrary and capricious manner.

p.  Award punitive damages and award the Plaintiff's attorney's fees, costs, and disbursements for this action pursuant to 42 U.S.C. §1988 and other relevant statutes; and

q.  Order such other and further relief as the Court deems just and proper under the circumstances.

DATED this 5 day of August, 2020.

Phillabaum, Ledlin, Matthews, & Sheldon, PLLC

By: _____
Robb E. Grangroth, WSBA No. 31103
Douglas Dick, WSBA No. 46519
Attorneys for Plaintiff

COMPLAINT: 12

PHILLABAUM, LEDLIN, MATTHEWS & SHELDON, PLLC
ATTORNEYS AT LAW
1235 N POST, SUITE 100
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 838-6055
Fax (509) 625-1909

Notice of Removal of Action - 17